# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IVAN RAY CARTER, JR, | ) 1:13cv00875 DLB PC |
| Plaintiff, | ) ORDER DISMISSING ACTION |
| vs. | ) WITHOUT LEAVE TO AMEND |
| VELVA HAMPSON, | ) |
| Defendant. | ) |

Plaintiff Ivan Ray Carter, Jr. ("Plaintiff") is a prisoner proceeding pro se and in forma pauperis in this civil rights action.[1] Plaintiff filed his complaint on June 11, 2013. He names California Substance Abuse Treatment Facility ("CSATF") Senior Librarian Velva Hampson as the sole Defendant.

A.   **LEGAL STANDARD**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C.

---

[1] Plaintiff consented to the jurisdiction of the United States Magistrate Judge on June 21, 2013.

1

§ 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. Id.

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law. Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Plaintiff's allegations must link the actions or omissions of each named defendant to a violation of his rights; there is no respondeat superior liability under section 1983. Iqbal, 556 U.S. at 676-77; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones, 297 F.3d at 934. Plaintiff must present factual allegations sufficient to state a plausible claim for relief. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

B.     **SUMMARY OF PLAINTIFF'S ALLEGATIONS**

Plaintiff is currently incarcerated at CSATF, where the events at issue occurred.

Plaintiff alleges that sometime between May 3 and May 8, 2012, he gave a Priority Legal User ("PLU") request form, with a Notice of Appeal, to Inmate Moten for delivery to Defendant. Inmate Moten turned in the PLU request slip.

Defendant Hampson told Inmate Moten that there was no rule or deadline that would give Plaintiff PLU status, and denied the request. Plaintiff contends that pursuant to Federal Rule of Appellate Procedure 4(a), a Notice of Appeal must be filed within 30 days of the date of entry of judgment. Plaintiff contends that this time limit should have warranted PLU status.

Because of the denial, Plaintiff alleges that he was unable to timely discover Federal Rule of Civil Procedure 59(b) and (e), which set a 28 day time limit for certain post-judgment motions. Upon discovery, Plaintiff filed a request for an extension of time in Carter v. Fernandez, et al., 1:08-cv-01841 SKO PC. Based on Plaintiff's exhibit, judgment was entered after trial by jury on April 20, 2012. The time for filing a Rule 59 motion expired on May 21, 2012. Plaintiff's request was filed on May 25, 2012, and was denied on May 29, 2012, pursuant to Federal Rule of Civil Procedure 6(b)(2).

Plaintiff explains that he had not had access to the C Facility library since April 16, 2012. After a sixty day gap, he received access on June 21, 2012.

On May 20, 2012, Plaintiff filed a CDCR 22 relating to Rule 59 and stating that because he did not have access, several motions that he could have filed became moot. Defendant responded and told Plaintiff that he did not submit a court deadline with his request. Plaintiff filed a 602 on May 23, 2012. On June 14, 2012, Defendant interviewed Plaintiff and told Plaintiff that she could not remember his PLU form.

Plaintiff filed a second level appeal and another CDCR 22. In his appeal, Plaintiff requested a copy of the PLU form. In response to the CDCR 22, Defendant indicated that

3

Inmate Moten brought in Plaintiff's paperwork, and that she does not believe that she gave a response in writing. If she did, it would have been returned with his paperwork. She stated that she remembered paperwork assigning a court case number, but not a "2171."

In response to the second level appeal, J. Cota told Plaintiff that the PLU request could not be identified and that it was not policy to keep copies of denied requests.

In response to his third level appeal, D. Foston indicated that Plaintiff failed to present compelling evidence to warrant modification, and that he had adequate access to the law library.

Based on these facts, Plaintiff alleges denial of access to the courts under the First Amendment. He contends that Defendant's refusal to process his PLU request hindered his effort to pursue any non-frivolous claims. If she had followed her own rules, Plaintiff contends that he would have had physical access to the C-facility law library and would have been able to timely discover Rule 59. However, his request for law library access was ignored for sixty days. Plaintiff alleges that this delay severely prejudiced his ability to file a motion for a new trial or amended judgment. Plaintiff was also unable to use the paging system.

Plaintiff contends that he "has always stated the only active case he was working on was 1:08-cv-01841 SKO." Compl. 11.

## C.   DISCUSSION

### 1.   Legal Standard

Prisoners have a constitutional right of access to the courts. Bounds v. Smith, 430 U.S. 817, 828 (1977). "[T]he fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." Id. Inmates do not have "an abstract, freestanding right to a law library or legal assistance," and "cannot establish relevant actual injury simply by establishing that [the] prison's law library or legal assistance program is subpar in some theoretical sense." Lewis v. Casey, 518 U.S. 343,

4

351 (1996). The right to litigation assistance "is limited to the tools prisoners need in order to attack their sentences, [either] directly or collaterally, and in order to challenge the conditions of their confinement." Silva v. Di Vittorio, 658 F.3d 1090, 1102 (9th Cir. 2011) (quotations omitted). The right to legal assistance is limited to the pleading stage. Id.

Prisoners also have a right "to litigate claims challenging their sentences or the conditions of their confinement to conclusion without active interference by prison officials." Silva, 658 F.3d at 1103. An inmate alleging a violation of this right must show that the deprivation actually injured his litigation efforts, in that the defendant hindered his efforts to bring, or caused him to lose, an actionable claim challenging his criminal sentence or conditions of confinement. See Lewis, 518 U.S. at 351; Christopher v. Harbury, 536 U.S. 403, 412-15 (2002).

2. Analysis

Here, Plaintiff contends that Defendant improperly denied his PLU request, leaving him without access to the law library and without a way to discover the time frame within which Rule 59 motions must be filed. Plaintiff alleges that this delay severely prejudiced his ability to file a motion for a new trial or amended judgment, as a request for an extension of time was subsequently denied.

Although Plaintiff's request for an extension of time was denied, there is no indication of interference or actual injury. Plaintiff was able to present his case to a jury, and received an unfavorable jury decision on April 18, 2012. Judgment was entered on April 20, 2012, making a Rule 59 motion due on or before May 21, 2012. On May 1, 2012, Plaintiff filed a Notice of Appeal. According to Plaintiff, he requested law library access sometime between May 3 and May 8, 2012. On May 25, 2012, *prior* to receiving law library access, Plaintiff filed the request for an extension of time to bring a Rule 59 motion. The request was signed on May 23, 2012.

Plaintiff was therefore able to prosecute his action to completion, file a timely Notice of Appeal and request an extension of time prior to receiving law library access. Thus, he cannot

show that the denial of access interfered with his ability to litigate, or that he suffered actual injury.

The Court also notes that Plaintiff's own allegations undermine his contention that Defendant improperly denied PLU status. Plaintiff states that he attached the Notice of Appeal to PLU request, and contends that a Notice of Appeal has a 30 day deadline and should have met the PLU requirements. However, Plaintiff's Notice of Appeal had already been filed at the time of his PLU request, making the 30 day time frame for filing irrelevant and supporting Defendant's reasoning for denying PLU status.

For these reasons, the Court finds that Plaintiff cannot state an access to courts claim. Leave to amend would be futile, given the facts before the Court. Akhtar v. Mesa, 698 F.3d 1202, 1212-13 (9th Cir. 2012); Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

**D.   ORDER**

Plaintiff's complaint fails to state any claim for which relief may be granted. Accordingly, the complaint is DISMISSED WITHOUT LEAVE TO AMEND.

IT IS SO ORDERED.

Dated:   **February 3, 2014**              /s/ *Dennis L. Beck*
                                         UNITED STATES MAGISTRATE JUDGE